DELCOL (ARNOLD v.).  See Case No. 556.

---

## Case No. 3,770.

### The DELHI.

[4 Ben. 345.][1]

District Court, S. D. New York.  Nov. Term, 1870.

DELIVERY OF CARGO — NOT ACCOUNTABLE FOR BREAKAGE—NEGLIGENCE—BURDEN OF PROOF.

1. Under a provision in a bill of lading, that the vessel shall not be accountable for leakage, breakage or rust, the vessel is nevertheless responsible for negligence or want of care in her lading, stowage or delivery of the cargo. But such negligence or want of care or skill must be affirmatively shown by the party alleging it.
[Cited in Vaughan v. 630 Casks of Sherry Wine, Case No 16,900; Wolff v. The Vaderland, 18 Fed. 740.]

2. Where a bill of lading for cases of plate glass contained the clause, "Not accountable for breakage," and it appeared, that, when the cargo was discharged, certain of the cases were

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

placed flatwise on the dock and others placed endwise, and the attention of a clerk of the consignees of the cargo was called to the fact that some of the cases were piled flatwise on each other, but none of the cases appeared to be broken or pressed in, and all the cases were receipted for as in good order, and, on opening the cases at the consignees' store, some of the plates in some of the cases that were piled flatwise were found to be broken, as were also some plates in the cases that were placed endwise, (the claim for damage for the latter having been abandoned); *held*, that the consignees had failed to show that the damage to the glass was caused by the piling of the cases flatwise, or by any other negligence on the part of the ship.

T. J. Glover, for libellants.

R. D. Benedict, for claimants.

BLATCHFORD, District Judge. This is a libel to recover the sum of $1,825.20, as the value of ten sheets of plate glass. Twelve cases, containing numerous sheets of plate glass, were brought by the ship from Antwerp to New York, under a bill of lading describing the contents of the cases as glasses, and providing that the ship should not be accountable for breakage. The libellants were the consignees of the cases. When the cases were opened at the warehouse of the libellants in New York, ten of the sheets were found to have been so broken as to be worthless. The ten sheets composed all of the sheets, five in number, which were in one of the cases, two out of the five sheets in another case, two out of the twenty-two sheets in another case, and one out of the six sheets in another case. The bill of lading states that the cases were received on board of the vessel in good condition, and the receipt given to the vessel by the cartman for the libellants, who received the cases from the ship, states that the cases were received in good order from on board the vessel. The libel alleges negligence in the transportation of the goods, and especially negligence in the manner in which several of the cases were discharged from the ship and landed on the dock, and avers that the breakage of the ten sheets was owing to the fact, that, although the cases were marked as containing glass, and to be kept on their edges, and were of great weight, they were improperly laid flat on the dock, and piled one on the other. At the hearing, the claim as to four of the sheets, of the value of $408, was abandoned. These four sheets were the two out of the five sheets that were in one case, and the two out of the twenty-two sheets that were in another case. No evidence was given of any negligence in stowage or transportation. The negligence claimed was the putting in a pile flatwise on the wharf at New York, as they were landed from the ship, seven of the cases, two of which contained six of the broken sheets, one containing the five sheets all of which were broken, and the other containing the six sheets one of which was broken. Five of the cases were shown to have been placed on their edges, on the

wharf at New York, when landed; and two of such five cases were the two cases containing the four sheets as to which the claim for damage was abandoned. The allegation of negligence as to the cases piled flatwise is, that heavy and large cases were put on top of lighter and smaller cases. The case containing the five sheets all of which were broken, was the largest case of the twelve, and contained the largest glasses, the largest glass in that case being in size ten feet six inches in one direction, by six feet four inches in the other direction. The smallest case of the seven that were in the pile, contained a glass as large in size as eight feet in one direction, by four feet and ten inches in the other direction, and was not a case which contained any broken sheet. The inference is sought to be drawn, from such piling of the seven cases, that the breaking of the sheets in the two cases in the pile, there being in the pile cases smaller than both of such two cases, was caused by the pressure of a flat side of such large case against the sheets therein, such pressure being due to the great weight of the glass in the large case, as its flat side rested on the flat side of a smaller case.

It is well settled, that, although, under the provision, in a bill of lading, that the vessel shall not be accountable for leakage, breakage or rust, the vessel is nevertheless responsible for negligence or want of skill or care on the part of those in charge of her, in their lading, stowage or delivery of the articles covered by the bill of lading, yet such negligence or want of skill or care must be affirmatively shown by the party alleging it, under a bill of lading containing such recitals and provisions as those before referred to as contained in the bill of lading in this case. Dedekam v. Vose [Case No. 3,729]; The David & Caroline [Id. 3,593]. And not only so, but it must be satisfactorily shown that the negligence proved was the cause of the damage alleged. In the present case, there was no apparent breakage, at the time the libellants received the cases, either of their exterior coverings or of their contents. They were, so far as is shown, in the same apparent good order they were in when they were shipped at Antwerp. The attention of a clerk of the libellants was called to the fact, on the wharf, that seven of the cases were placed flatwise in a pile, and he went so far as to take down the numbers of the other five cases which were placed edgewise on the wharf, and to bring to the notice of the officers of the vessel, then and there, that the seven cases were piled flatwise. Yet no indication is shown to have then existed that any of the sheets of glass were broken, or any of the sides of the cases unduly pressed in, as respected either the cases piled flatwise or the cases placed on edge. It turned out, as before stated, that four sheets were broken in the cases placed on edge, and six sheets broken

in the cases piled flatwise. Notwithstanding the knowledge thus possessed by the libellants as to the piling flatwise, in one pile, of seven of the cases, they receipted for the twelve cases as in good order.

The libellants fail to show that the damage to the glass was caused by the piling of the seven cases flatwise, or by any other negligence on the part of the vessel, and the libel must be dismissed, with costs.