## THE NEW ORLEANS.[1]

### NATIONAL BUREAU OF ENGRAVING & MANUF'G CO. *v.* THE NEW ORLEANS.

(*Circuit Court, E. D. Louisiana.* December 31, 1885.)

1. CARRIER OF GOODS BY WATER—BILL OF LADING—EXCEPTIONS IN.
     An exception in a bill of lading that the carrier shall not be liable for loss or damage from heat is lawful, and is binding on the shipper to the extent that thereby the carrier shall not be discharged from the consequences of his own neglect or misconduct.
2. SAME—BURDEN OF PROOF AS TO NEGLIGENCE OF CARRIER.
     The preponderance of American authority is said to be in favor of the rule in England that refuses to presume negligence where none is shown, and considers the carrier is excused upon his showing that the loss arose from a cause for which, according to his contract, he was not to be held responsible.
3. SAME—GOODS NOT SHIPPED ON DECK.
     If bill of lading be silent as to mode of storing, goods must be carried under deck; and if goods were carried on deck and lost or damaged, the carrier would not be allowed to prove by parol a consent by the shipper to the deck storage. Hence a notice marked on the goods that they were to be carried on deck, not called to the attention of the carrier, and not mentioned in the bill of lading, ought not to increase the carrier's responsibility.

Admiralty Appeal.

*W. S. Benedict,* for libelant.

*E. W. Huntington,* for claimant.

PARDEE, J. The case shows that the damage to the libelant's goods resulted from heat, but does not show how and where the heat origi-

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

nated, nor who, if anybody, was in fault. The bill of lading stipulates that the carrier shall not be "liable for loss or damage from rats, leakage, rust, *heat*, breakage, or natural decay of goods," etc. Such a stipulation on the part of a common carrier is lawful, and is binding on the shipper to the extent that thereby the carrier shall not be discharged from the consequences of his own neglect or misconduct. In fact, without such stipulation expressed in the bill of lading, "carriers are not liable for losses arising from the ordinary wear and tear of goods in the course of transportation, nor for their ordinary deterioration in quantity or quality; nor for their inherent natural infirmity or tendency to damage; and this rule includes the decay of fruits, the diminution, leakage, or evaporation of liquids, and the spontaneous combustion of goods." See Lawson, Carr. 15, § 14, and cases cited in note. "In all such cases where the negligence of the carrier does not co-operate in the loss he will be excused." Id.

It being established that the loss in this present case was from heat, and from which the carrier was released by his contract, unless his negligence or misconduct co-operated in the loss, it is important to inquire upon which party is the burden of proof as to that contributing negligence or misconduct. The preponderance of American authority is said to be in favor of the rule in England that refuses to presume negligence where none is shown, and considers the carrier as excused upon his showing that the loss arose from a cause for which, according to his contract, he was not to be held responsible. See Lawson, Carr. § 248, p. 373, note for cases. This rule has been laid down by the supreme court of the United States. See *Clark* v. *Barnwell*, 12 How. 272; *Transportation Co.* v. *Downer*, 11 Wall. 129.

The burden, then, is on the libelant of showing that the negligence or misconduct of the respondent co-operated in the loss or damage to his goods. The libelant, to support the charge of negligence, contends that the packages of labels contained plain notices, printed in large capitals upon each case, to-wit: "Must not be put in the hold." "This side must be kept up." "Must be kept in a cool place,"—and that in spite of these cautions the packages of labels were stowed in the forward hold, where they were unduly exposed to heat. The proof does not sustain the complaint that the hold where the packages were stowed was an improper place, but, on the contrary, shows that it was the coolest and dryest portion of the ship under deck, and where it was usual and customary to stow butter, cheese, and other goods needing a dry, cool place to prevent deterioration.

The rule is well settled that if the bill of lading be silent as to mode of stowing, goods must be carried under deck. See *The Delaware*, 14 Wall. 579. The same case holds parol evidence of an agreement that goods were to be stored on deck to be inadmissible. The bill of lading in this present case shows that the marks and numbers on the packages received were "G. W. Dunbar Sons, New Orleans, La.,"

and no mention is made of other marks or notices. It is very doubtful, therefore, whether parol evidence to show any other marks would be admissible. However, as proof of the said notices as attached to the packages has been made, without objection, it is necessary to determine what effect such attached notices had on the responsibility of the carrier. The proof does not show that the notices were called to the attention of any one of the carrier's agents. In the course of loading and stowing the packages aboard the ship the notices might or might not be seen by the stevedore and freight-handlers. The notice "Must not be put in the hold" is the only one that, under the evidence, it is clear was not complied with.

Under the authority of *The Delaware, supra,* if the case were one where the goods had been stowed above decks, and had been lost or damaged, the carrier would not be allowed to prove by parol the notice, so as to show a consent by the shipper to the deck stowage. No authorities are cited to show what effect should be given such notices when they are not called to the attention of the carrier, and are not referred to in the bill of lading. The conclusion I reach is that, as such notice will not protect the carrier, it should not bind him, and I am satisfied that a notice marked on goods, not called to the attention of the carrier, and not mentioned in the bill of lading, ought not to increase the carrier's responsibility. A decree will be entered dismissing the libel, with costs.