## THE GIAVA.

### SERIO v. THE GIAVA, (RUSSO, Intervener.)

#### (District Court, E. D. Louisiana. May 30, 1893.)

#### No. 12,962.

SHIPPING—DAMAGE TO CARGO—BURDEN OF PROOF—EVIDENCE.

Certain boxes of macaroni were shipped from Palermo in good condition, and arrived at New Orleans in bad condition. It appeared that the boxes were stowed on top of casks, in the same hatch with a lot of green fruit. *Held*, that the burden was on the ship to show that the damage was caused by perils of the sea, and this burden was not sustained by evidence that heavy seas were encountered, and much water taken over all, and perhaps through the seams, but none down the hatches, and that there were but 18 inches of water in the hold.

In Admiralty. Libel by F. P. Serio against the Italian steamship Giava, in which Augustine Russo intervened. Decree for libelant and intervener.

L. O'Donnell, for libelant and intervening libelant.

H. P. Dart, for claimants.

BILLINGS, District Judge. Libelant alleges that on or about 30th April, 1892, there were shipped, per said steamer, from Palermo, Sicily, for his account, 86 boxes of macaroni, marked as valued at $2.25 per box; that, at time of shipment the said boxes of macaroni were in good condition and a clean bill of lading was given, but when received at this port, to which they were consigned, they arrived in a damaged condition, so as to be unsalable; and that said damages were caused solely by the negligence and carelessness of the officers of said vessel, in improperly stowing them. The averments of Russo, intervening libelant, owner of 46 boxes of macaroni, of the total value of $114.75, are to the same effect.

I think that Floria, the stevedore, and John Thompson, the foreman, established the fact that green fruit was stowed in the same hatch with the macaroni. There is no evidence tending to show that the macaroni was not shipped in good condition, and the evidence establishes that it arrived in bad condition. This being so, the boat, to discharge itself from obligation, must show that the damage happened from the perils of the sea.

The protest states that they encountered heavy seas, took much water over all; that she strained heavily, and, they feared, took water through the seams; they found water in the bilges. The master, in his testimony, states that no water was shipped down

into the hatches; the macaroni was stowed on the top of casks, and with green fruit. It is difficult to see how water coming through the seams of the vessel could have made this macaroni musty, stowed, as it was, on the top of casks, and there being only 18 inches of water in the hold. It seems, therefore, that the burden being upon the ship to show that it arose from the perils of the sea, and, the testimony failing to establish this, the inference must be that the damage was caused by bad stowage,—the macaroni being stowed along with green fruit. There must be judgment for the libelant and intervening libelant, as claimed.