## THE TIMOR.

### NELSON et al. *v.* NORDLINGER et al.

(Circuit Court of Appeals, Second Circuit. April 22, 1895.)

#### No. 121.

SHIPPING—DAMAGE TO CARGO BY RATS—BILL OF LADING.

A cargo of beans in sacks was shipped from Fiume, Austria, to New York, under a bill of lading containing exceptions of damage from vermin. On arrival at New York the cargo was found to have been badly damaged by rats. The vessel was of iron, and it was shown that her holds were thoroughly scrubbed before her arrival at Fiume, and that no rats were discoverable; that there were no hiding places for them; and that they came on board at Fiume, without the knowledge of the officers. It appeared further that the character of Fiume as a seaport frequented by rats is well known. The vessel had five cats during the voyage, which had abundant access to the cargo, and the testimony showed that, if the cats proved active and vigilant, this was an adequate number. *Held*, that the injury was within the excepted clause, and that the evidence failed to show that the damage was attributable to the neglect of the vessel to exercise ordinary and reasonable precautions. 46 Fed. 859, reversed.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by Jacob D. Nordlinger and others against Nelson, Donkin, and others, owners of the ship Timor, to recover damage for injuries caused by rats to a cargo of beans. The district court entered a decree for libelants. 46 Fed. 859. The cause was then

referred to a commissioner to assess damages, and was afterwards heard upon exceptions to the commissioner's report. 61 Fed. 633. Defendants appealed.

J. Parker Kirlin, for appellants.

Charles C. Burlingham, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The libelants shipped on board the British ship Timor, an iron steamship, 325 feet in length, at Fiume, Austria, 3,700 sacks of beans, for safe transportation to New York, damage from vermin excepted. On arrival of the vessel in New York this part of the cargo was found to have been badly damaged by rats during the voyage. It is not doubted that an injury thus created is within the excepted clause. The owners of the cargo thereupon filed their libel against the owners of the ship to recover for the damage, upon the ground that it was caused by the negligence of the officers in not taking proper precautions at Fiume or during the voyage, and that it could have been avoided by proper and the usual care and skill on their part. It was not denied by the libelants that, in view of the exceptions contained in the bills of lading, the burden of establishing this negligence rested upon them. Clark v. Barnwell, 12 How. 272; Transportation Co. v. Downer, 11 Wall. 129. The libel averred that the negligence consisted in not fumigating the vessel for her voyage. It is conceded by the libelants that on the proofs the omission to fumigate would not justify a finding of negligence, and on the trial they relied upon an insufficiency of cats and of traps. The district court was impressed with the extraordinary extent of the damage, and thought that the ship could not have taken the necessary and usual precautions, or such an amount of injury would not have occurred. The testimony that the holds of the iron vessel were thoroughly washed and scrubbed before its arrival at Fiume, that no rats were discoverable, that there were no hiding places for them, and that they came on board, without the knowledge of the officers, from the wharf at Fiume, is satisfactory. It furthermore appears that the character of Fiume as a seaport frequented by rats is well known. In this state of affairs, when the holds are free from rats before the cargo is taken on board, and there is no knowledge on the subject, but the probability is that vermin have come in with the cargo, the principal reliance of captains is upon the presence of cats on board the vessel, The Timor had five cats from the Mediterranean to New York, which had abundant access to the cargo, and the sum of the testimony is that, if the cats proved to be active and vigilant, this was an adequate number. The precautions taken by the Timor were of the usual fullness, which had ordinarily proved to be adequate, and the libelants' charge of negligence was not sustained. They had taken bills of lading which excepted the owners from liability for damage by vermin, and, in our judgment, failed to show that the loss was attributable to the neglect or failure of the officers of the vessel to exercise ordinary or reasonable precautions to rid the ship

of the presence of this source of danger. The decree of the district court is reversed, with costs, and the cause is remanded, with instructions to dismiss the libel, with costs.