## THE HENRY B. HYDE.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1898.)

### No. 431.

SHIPPING — LIBEL FOR INJURY TO GOODS — EXCEPTION IN BILL OF LADING — BURDEN OF PROOF.

Where a libel for injury to goods in shipment alleges that the injury consisted of breakage, the case is prima facie within an exception in the

bill of lading against liability for loss or injury from breakage, and the burden rests on the libelant to prove that the breakage occurred through the negligence of the carrier. 82 Fed. 681, affirmed.

Appeal from the District Court of the United States for the Northern District of California.

This was a libel by W. W. Montague & Co. against the ship Henry B. Hyde and its owners, Benjamin F. Pendleton and others, to recover for breakage of goods in shipment. From a decree dismissing the libel, the libelants appeal.

Linforth & Whitaker, for appellants.

Andros & Frank, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellants filed a libel against the ship Henry B. Hyde, whereof the appellees were the owners, to recover damages claimed to have been sustained by the libelants by reason of the breakage of certain goods which they had shipped by said vessel at the port of New York in December, 1892, for delivery at the port of San Francisco. It was admitted that the goods were received upon the ship in good order and condition, and that they were damaged while on the voyage. No evidence was introduced by either the libelants or the owners to show from what cause the breakage occurred. The bills of lading which the ship issued for the goods when it received them at New York contained the stipulation, "Not accountable for leakage, rust, or breakage." It was held by the district court that, by virtue of these words in the bills of lading, the carrier was prima facie not liable for the breakage, and that the burden was upon the libelants to show that the damage resulted from the carrier's negligence. This ruling is now assigned as error.

There is no controversy between the parties as to the effect of the stipulation limiting the liability of the carrier. It is conceded that the carrier may limit its liability by such a contract with the shipper, but that, notwithstanding such limitation of liability, the ship shall still be answerable for the negligence of its officers and employés. There is only one question, therefore, before the court, and that is, upon which party rests the burden of proof to show whether or not there was negligence? The rule seems to be well settled by the authorities that, in determining whether or not an injury to goods is of such a character as to come within an exception of liability which is provided for in the bill of lading, the burden of proof is cast upon the carrier; but that after it is once determined that the injury is of a nature, or has occurred from a cause, for which liability is excepted, it devolves upon him who claims damages to show that the loss occurred through the carrier's negligence. The Delhi, 4 Ben. 345, Fed. Cas. No. 3,770; Vaughan v. 630 Casks of Sherry Wine, 7 Ben. 507, Fed. Cas. No. 16,900; Wolff v. The Vaderland, 18 Fed. 733; The New Orleans, 26 Fed. 44; The Timor, 14 C. C. A. 412, 67 Fed. 356; Clark v. Barnwell, 12 How. 272; Transportation Co. v. Downer, 11 Wall. 129. In the present case no question arose concerning the nature of the damage that had been sustained. The loss was wholly

from breakage. It is so alleged in the libel. The ship was not ac-countable for breakage. There was nothing, therefore, for the carrier to prove in order to place the loss within the clause which excepted liability. In this respect the case differs from some of those which are cited by the appellants, such as cases where the carrier had stipulated against loss by the perils of the sea. The Giava, 56 Fed. 243; The Warren Adams, 20 C. C. A. 486, 74 Fed. 413. In such a case the duty rests upon the carrier to show that the damage resulted from the perils of the sea. In the present case the stipulation was explicit. The nature of the injury indicated for itself that it belonged within the specified exemption from liability. The burden of proof therefore rested upon the libelants to establish by the evidence that the breakage occurred through the negligence of the ship's employés. No evidence having been offered to the court to prove such negligence, we find no error in the decree dismissing the libel. The decree will be affirmed.