## CHARNOCK v. TEXAS & P. RY. CO.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1902.)

### No. 1,082.

CARRIERS OF GOODS — LIMITATION OF LIABILITY FOR LOSS BY FIRE—VALIDITY.
    A shipper is bound by a provision in a bill of lading exempting the carrier from liability for loss of the goods by fire where he was chargeable with knowledge that the bill contained such clause, and made no objection thereto, and it is not shown that the loss resulted from the carrier's negligence.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

B. K. Miller, for plaintiff in error.

W. W. Howe, W. B. Spencer, and C. P. Cocke, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This was an action very similar to that of Jovite Cau against the same defendant (just decided), 113 Fed. 91. It was for the value of cotton delivered to the defendant carrier, which issued to the shipper a bill of lading with the fire exemption clause identical in terms with that given in the Cau Case. The cotton was received on a country or plantation switch, which the defendant had put in about the time of the construction of its main line, and which for 10 or 11 years had been used by the planters conveniently adjacent thereto precisely in the manner that this shipment was made. There was a small platform and a small shelter to be used in connection with sending and receiving freight, according to its character and the other conditions at the time of handling, but no agent or employé of the company had ever been put or kept there for the purpose of receiving and guarding freight there received or delivered. The long-established practice was for shippers who had produce to be transported from that point to notify the nearest station agent of the fact, and of the number of cars desired, when the defendant would furnish the cars as requested, and, as soon as they were loaded by the shipper, promptly take them by the first one passing of its local freight trains to the point of destination. There is no evidence that any question or protest was made by this shipper to the contract as limited in the bill of lading. We concur with the trial judge in holding that the evidence does not tend to show negligence on the part of the carrier. There was no dispute as to the goods having been received by the carrier, nor as to the loss falling within the terms of the fire exemption clause. If there was negligence upon the part of the carrier the burden of proving that fact was on the plaintiff, and, as we have said, the proof offered by the plaintiff did not, in our opinion, tend to show such negligence. This case falls clearly within the authority of Clark v. Barnwell, 12 How. 272, 13 L. Ed. 985; Transportation Co. v. Downer, 11 Wall. 129, 20 L. Ed. 160; York Mfg. Co. v. Illinois Cent. R. Co., 3 Wall. 107, 18 L. Ed. 170.

The judgment of the circuit court is affirmed.