## EBENEZER B. WALKER *vs.* INHABITANTS OF FITCHBURG.

In an action on a special contract and also on a *quantum meruit* for work done, a verdict for the plaintiff for an amount admitted to be less than would be due had the contract been performed renders immaterial an instruction too favorable to the plaintiff on the question whether the defendant did not waive performance of the contract.

At the trial of an action on a contract by the plaintiff to turn a river from its channel for the defendants, the new channel "to be so excavated as that the water shall readily and clearly run and pass down said new channel without any obstruction into a mill pond," and to be widened out "at the upper end so that the water may readily enter the new channel, which must be sunk as deep as the present bed of the river and made of a gradual inclination descending into" the mill pond, the defendants requested the judge to instruct the jury that the contract required the plaintiff to sink the new channel as deep at the upper end thereof as the bed of the river at that place, if it could be done consistently with the other provisions of the contract. The judge declined so to do, but instructed the jury that the contract required the plaintiff to excavate the new channel at its upper end so that the water would readily enter it, and from that end to make it as deep as the bed of the river, and of a gradual inclination descending into the mill pond, and in its whole length to excavate it so that the water should readily and clearly run and pass down it, without any obstruction, into the mill pond; and that the fact that, at the point of its entrance into the mill pond, the new channel was made as deep as the bed of the river, would not be a compliance with the contract, if it was not excavated of sufficient depth or sufficient inclination to cause the water to run and pass down into the mill pond in the manner stated. *Held,* that the defendants had no ground of exception.

At the trial of an action on a contract by the plaintiff to complete a road for the defendants to the acceptance of the county commissioners, the defendants admitted that the road had been properly completed, and the plaintiff proved, against the defendants' objection, a parol acceptance by the commissioners, but it appeared that there was no record of the acceptance. *Held,* that the defendants had no ground of exception to a ruling that the plaintiff might recover notwithstanding the absence of such a record.

CONTRACT. The first count was to recover $600, being the balance due to the plaintiff under an agreement signed by the parties, the material parts of which were as follows: " An agreement made this 18th day of December 1866, by and between Ebenezer B. Walker of the one part, and the Inhabitants of the Town of Fitchburg, in their corporate capacity, of the second part, witnesseth: that, for the consideration below expressed,

the said Walker agrees to construct, make and complete certain straightening in alignments and changes in grade in the county road from Fitchburg to Westminster, as specified and set forth in the certain directions and specifications of the county commissioners, and in each and every particular to work and complete said straightenings and grades according to the requisitions set forth in said specifications, except wherein they are varied here below. And it is further agreed that said Walker is to turn the Nashua River from its present channel at the straightening of said road across the Hanna mill pond, so that said river shall hereafter run on the easterly side of said road between stakes 52 and 51 as placed and numbered by said commissioners; said channel is to be 100 feet wide and so excavated as that the water in said river shall readily and clearly run and pass down said new channel without any obstruction into said Hanna mill pond. Said Walker is to widen out the said new channel of said Nashua River at the upper or southerly end thereof, on the easterly side beyond said 100 feet, so that the water may more readily enter the said new channel, which must be sunk as deep as the present bed of the river, and made of a gradual inclination descending into said Hanna mill pond. And the said Walker agrees to have the whole of said road and the incidents therewith connected, as set forth in the above agreement and in said specifications of the county commissioners, completed and to the acceptance of the commissioners on or before July 1, 1867. And in consideration that said Walker does well and truly execute and perform his agreement, as above set forth, the said town of Fitchburg agrees to pay him the sum of $8500, payable 85 per cent. on monthly estimates as the work advances, and the balance at the completion of his contract to the acceptance of the county commissioners. The monthly payments as aforesaid to be made on or before the seventh day of each month for the last previous month." The second count was to recover $600 for work and materials; and the third count was on an account annexed to recover the $600, and also $75 for other work done for the defendants and not included in the contract.

At the trial in the superior court, before *Brigham*, C. J., the defendants admitted the making of the contract; that $600 of the contract price remained unpaid; that the plaintiff would have been entitled to that sum if he had fulfilled the contract; and that he was also entitled to the sum of $75 for work not included in the contract; but they claimed to recoup, against both said sums, damages for nonfulfilment of the contract. They also admitted that the whole of the road had been completed according to the provisions of the contract, except that it had not been accepted by the county commissioners; but they contended that the Nashua River had not been properly turned, and that the new channel was not sunk as deep as the contract required.

The plaintiff offered evidence tending to show " that the new channel was completed and the water turned into it two or three months before the road was finished; that no objection was made by the selectmen or others to the channel until several days after the plaintiff had finished the work and taken off his men; that when he had finished the work he notified the selectmen that he had completed the work; that the county commissioners went over the road and notified the selectmen then present that they accepted it; and that that acceptance had never been recalled or modified; but it appeared that the same had never been recorded by the commissioners, and it was admitted to be the custom of the commissioners to record their proceedings, including acceptance of highways; and that, soon after, the road was opened and used, and has since been used, for public travel." The defendants objected to that part of the foregoing evidence which related to the acceptance of the road, and to the acts of the commissioners and the selectmen in the premises, but the judge admitted it.

The defendants put in evidence as to the difference in value to them of the channel as left by the plaintiff and as it would have been if sunk as they claimed that the contract required; and requested the judge to instruct the jury that the provisions of the contract required the plaintiff to sink the new channel as deep at the commencement or upper end thereof, as the bed

of the river at that place in December 1866, if it could be done consistently with the other provisions of the contract.

The judge declined to give this instruction, but instructed the jury "that the contract required the plaintiff to excavate the new channel at its upper end so that it should be of a greater width than 100 feet, so that the water would more readily enter the new channel, which, from that end, was to be made as deep as the bed of the river was on December 18, 1866, and made of a gradual inclination descending into Hanna mill pond; that the contract also required that the new channel, in its whole length, should be at least 100 feet in width, and that it should be so excavated that the water in the river should readily and clearly run and pass down said new channel, without any obstruction, into Hanna mill pond; and that the fact that, at the point of the entrance of the new channel into the mill pond, the new channel was made as deep as the bed of the river, and was of the required width, would not be a compliance with the contract if the new channel was not excavated of sufficient depth or sufficient inclination to cause the water of the Nashua River to readily and clearly run and pass down said new channel, without any obstruction, into Hanna mill pond."

The judge gave further instructions to the jury as to the acceptance of the work and a waiver by the defendants of the full performance of the contract, which were excepted to by the defendants, but are not material to be stated. And he also gave instructions as to the measure of damages, if the jury should find that the contract was not performed, which were not objected to by the defendants; and directed the jury that if the plaintiff had not fulfilled his contract, and the fulfilment had not been excused by the waiver or acceptance of the town, and if the work done by him was of less value by $675 than the work he contracted to do, he could recover nothing, and the verdict must be for the defendants.

The jury returned a verdict for the plaintiff for $444.84, and the defendants alleged exceptions.

*G. A. Torrey*, for the defendants.

*H. B. Staples & F P Goulding*, for the plaintiff.

COLT, J. It was not in dispute at the trial, that a definite portion of the contract price, with a small sum besides for work outside the contract, was due to the plaintiff, which he would be entitled to recover if he had fulfilled his agreement. It was admitted that the road, which was to be built as part of the contract, was properly constructed, and that the plaintiff was entitled to recover the item charged for work outside the contract. The only contest at the trial, therefore, was in reference to the performance of that part of the contract which required the sinking of a new channel, into which the water of the Nashua River might be turned.

The defendants offered evidence of the difference in value of the channel as left by the plaintiff and as it would have been if sunk as the contract required. And instructions, not objected to, were given to the jury, as to the measure of damages if the contract was not performed. The verdict shows that considerable deduction from the contract price was made by the jury, and must have been rendered upon the second count for the value of the work done, less the damages allowed for the partial nonperformance of the contract relating to the new channel.

The plaintiff's evidence tended to show that the channel was completed, and the water turned in, two or three months before the road was finished, and that no objection was made to it, after its completion, until several days after the whole work, including the new road, was finished and accepted by the county commissioners, and the workmen were taken off. Certain instructions were given at the trial as to the acceptance and waiver of performance by the defendant. But it is evident that the question of waiver and acceptance applied to the whole matter in dispute, and not to a specific portion of the work, and that the jury must have found, under instructions claimed to be too favorable to the plaintiff, that there was no acceptance or waiver by the defendants. It is unnecessary therefore to pass upon their correctness. The exceptions do not show affirmatively that the instructions, if erroneous, were in any way injurious to the defendants. *Davis* v. *Elliott*, 15 Gray, 90. *Fuller* v. *Ruby* 10 Gray, 285.

The instructions to the jury, as to the mode in which the contract required the new channel to be made, were nearly in the words of the contract itself, and were sufficiently intelligible. The interpretation asked for by the defendants would have been erroneous, by only requiring the channel, at the upper end, to correspond in depth to the bed of the river at that point, instead of making the old bed of the river for its whole distance the measure of the depth of all parts of the new channel constructed upon a gradual inclination to the mill pond below.

The admission that the road was properly constructed makes it unnecessary to decide whether the acceptance of the county commissioners could be proved only by the record of their official acts. The defendants cannot be permitted to escape a just claim to compensation, for informality in the acceptance, if there be any, not chargeable to the plaintiff. *Bliss* v. *Deerfield*, 13 Pick. 102. *Exceptions overruled.*