Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 On the trial the plaintiff made out a
 
 prima facie
 
 case by producing the bill of lading, showing the receipt of the coffee by the company at New York, and the contract for its transportation to Chicago, and by proving the arrival of the coffee at the latter place in the propeller Brooklyn in a ruined condition, and the consequent damages sustained. The company met this
 
 primd facie
 
 case by showing that the loss was occasioned by one of the daugers of lake navigation. These terms, “ dangers of lake navigation,” include all the ordinary perils which attend navigation on the lakes, and among others, that which arises from shallowness of the waters at the entrance of harbors formed from them. The plaintiff then introduced testimony to show that this danger, and the consequent loss, might have been avoided by the exercise of proper care and skill on the part of the defendant. If the danger might have been thus avoided, it is plain that the loss should be attributed to the negligence and inattention of the company, and it should be held liable, notwithstanding the exception in the bill of lading. The burdeu of establishing such negligence and inattention rested with the
 
 *134
 
 plaintiff, but the court refused an instruction to the jury to that effect, prayed by the defendant, and instructed them that it was the duty of the defendant to show that it had not been guilty of negligence. In this respect the court erred. In
 
 Clark
 
 v.
 
 Barnwell
 

 *
 

 the precise point was involved, and the decision of the court in that case is decisive of the question in this. And that decision rests on principle. A peril of navigation having been shown to exist, and to have occasioned the loss which is the subject of complaint, the defendant was
 
 primS fade
 
 relieved from liability, for the loss was thus brought Within the exceptions of the bill of lading. There was no ^presumption, from the simple fact of a loss ■occurring in this way, that there was any negligence on the part of the company. • A presumption of negligence from the simple occurrence of an accident seldom arises, except where the accident proceeds from an act of such a character that, when due care is taken in its performance, no injury ordinarily ensues from it in similar cases, or where it is caused by the mismanagement or misconstruction of a thing over which the defendant has immediate control, and for the management or construction of which he is responsible. Thus, in
 
 Scott
 
 v.
 
 The London and St. Catharine Dock Company,
 

 †
 
 the plaintiff was injured by bags of sugar falling from a crane in which they were lowered to the ground from a warehouse by the defendant, and the court said, “ There must be reasonable evidence of negligence; but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.”
 

 So in
 
 Curtis
 
 v.
 
 The Rochester and Syracuse Railroad Company,
 

 ‡
 

 the Court of Appeals of New York held that the mere fact that a passenger on a railroad car was injured by the train running off a switch was not of itself, without proof of
 
 *135
 
 the circumstances under which the accident occurred, presumptive evidence of negligence on the part of the company. The court said that carriers of passengers were not insurers, and that many injuries might occur to those they transported for which they were not responsible, but as railroad companies were bound to keep their roads, carriages, and all apparatus employed in working them, free from any defect which the utmost knowledge, skill, and vigilance could discover or prevent, if it appeared that an accident was caused by any deficiency in the road itself, the cars, or any portion of the apparatus belonging to the company and used in connection with its business, a presumption of negligence on the part of those whose duty it was to see that everything-was in order immediately arose, it being extremely unlikely that any defect should exist of so hidden a nature that no degree of skill or care could have seen or discovered it.
 

 It is plain that the grounds stated in these cases, upon which a presumption of negligence arises when an accident has occurred, have no application to the case at bar. The grounding of the propeller and the consequent loss of the coffee may have been consistent with the highest care and skill of the master, or it may have resulted from his negligence and inattention. The accident itself, irrespective of the circumstances, furnished no ground for any presumption one way or the other. If, therefore, the establishment of the negligence of the defendant was material to the recovery, the burden of proof rested upon the plaintiff.
 

 For the error in the refusal of the instruction prayed.and in the instruction given, the judgment must be reversed, and the cause
 

 Demanded for a new trial.
 

 *
 

 12 Howard, 272.
 

 †
 

 3 Hurlstone & Coltman, 596.
 

 ‡
 

 18 New York, 543.