## THE GUY C. GOSS.

### E. LOBE CO. v. THE GUY C. GOSS.

(District Court, D. Washington, N. D. December 19, 1892.)

1. CORPORATIONS—ACTIONS—PROOF OF CORPORATE EXISTENCE.
    A libel in admiralty by a corporation will be dismissed where the legal existence of libelant is put in issue, and there is no proof of its organization.

2. SHIPPING — CARRIAGE OF GOODS — LIABILITY FOR DAMAGE — PLEADING AND PROOF.
    Where goods were shipped under a bill of lading exempting the ship from liability "for leakage, breakage, or rust, except from improper stowage," the proof that the goods were delivered damaged by breakage, rust, chafing, sweating, and dampness is insufficient to sustain a libel charging damage to the goods by unseaworthiness of the ship, bad stowage, want of proper dunnage, negligence, and improper conduct of the master and crew.

In Admiralty. Suit in rem by the E. Lobe Company, (a corporation,) for damage to toys and furniture carried by the bark Guy C. Goss from New York to Seattle. Dismissed.

Thompson, Edsen & Humphries, for libelant.
W. H. Pritchard and John H. Elder, for claimant.

HANFORD, District Judge. The libelant sues as a corporation. Its legal existence and right to sue is put in issue by the answer, and there is no proof of its organization. For this cause, if no other, the libel must be dismissed.

I have, however, read all the evidence, and find that to sustain the allegations in the libel of damage to libelant's goods by the unseaworthiness of the ship, bad stowage, want of proper dunnage, "negligence, carelessness, and improper conduct and want of attention of the master, his mariners, and servants," there is no proof whatever, except testimony showing that certain goods, when delivered at Seattle, were in a damaged condition, the damage being by breakage, rust, chafing, sweating, and dampness. The bills of lading contain a clause exempting the ship from liability for "leakage, breakage, or

rust, except from improper stowage." To warrant a decree awarding damages, the libelant must prove affirmatively one or more of the faults of the ship, her master or crew, which the libel charges. Clark v. Barnwell, 12 How. 282; McKinlay v. Morrish, 21 How. 343; Transportation Co. v. Downer, 11 Wall. 129. The evidence fails to do so. It does not go more than half way towards making a complete case. Therefore the court decrees that the suit be dismissed.