### CROWELL v. UNION OIL CO.

(Circuit Court of Appeals, First Circuit. April 9, 1901.)

No. 326.

SHIPPING—INJURY TO CARGO—BURDEN OF PROOF.

Where a charter party and a bill of lading contain exceptions in behalf of the vessel of breakage and leakage and of dangers of the sea, and the cargo owner maintains that the true cause of injury to the cargo was improper stowage, the burden of maintaining this proposition rests on the cargo owner.

Appeal from the District Court of the United States for the District of Rhode Island.

Eugene P. Carver (Edward E. Blodgett, on the brief), for appellant. Cyrus M. Van Slyck, for appellee.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PER CURIAM. This appeal arose out of a libel brought by the agent of the schooner Maria O. Teel for freight for transporting a cargo of oil. The cargo owner answered for a defense that the cargo was not delivered in good order, and that the damage ensuing was somewhat in excess of the freight money claimed. The district court entered a decree for the cargo owner, dismissing the libel, and the vessel appealed. The charter party and bill of lading contain exceptions in behalf of the vessel of breakage and leakage, and of the "dangers of the seas," but the cargo owner maintains that the true cause of the injury to the cargo was improper stowage at the port of lading. Under the circumstances of the case, the burden of maintaining this proposition rests on the cargo owner, as was de-

termined in Transportation Co. v. Downer, 11 Wall. 129, 20 L. Ed. 160. The district court found that the cargo owner had fully sustained this burden. Inasmuch as the question involved is purely one of fact, depending on somewhat conflicting evidence, it is not necessary in this case that we do anything more than state that we fully agree with the conclusions of the court below. The decree of the district court is affirmed, and the costs of appeal are awarded to the appellee.