WASHBURN–CROSBY CO. v. WILLIAM JOHNSTON & CO., Limited.

(Circuit Court of Appeals, First Circuit.    October 13, 1903.)

No. 466.

**1. APPEAL—REVIEW—ERROR NOT AFFECTING RESULT.**

The liability of a defendant, a carrier, for the loss of goods by fire, depended on its negligence after their receipt. The jury were instructed that, as matter of law, under the evidence, there had been a delivery to it of a portion of the goods sued for; and the evidence showed that the goods were all together, and the question of negligence was the same as to all. There was a general verdict for defendant. *Held*, that such verdict was necessarily based on a finding that defendant was not negligent, and that any error in the rulings or instructions on the question of the delivery of the remaining portion of the goods was without prejudice to plaintiff.

**2. SHIPPING—EXEMPTIONS BY BILL OF LADING—BURDEN OF PROOF.**

Where bills of lading exempted the carrier from liability for loss or damage to the goods while on wharf, awaiting shipment, by fire or flood "not happening through the fault or negligence" of the carrier, to entitle the shipper to recover for such a loss he has the burden of proving that it occurred through the carrier's fault or negligence.

**3. SAME—CONSTRUCTION OF BILL OF LADING.**

A clause in a bill of lading providing that merchandise on wharf, awaiting shipment or delivery, shall be at shipper's risk of loss or damage by fire or flood, must be given the meaning the language plainly expresses, and is applicable where the goods were burned after being placed on the wharf, but before shipment.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Henry M. Rogers and John Lowell, for plaintiff in error.

Addison C. Burnham (Carver & Blodgett, on the brief), for defendant in error.

Before COLT, Circuit Judge, and BROWN and LOWELL, District Judges.

BROWN, District Judge. This is a writ of error to review the rulings of the Circuit Court in an action at law for the recovery of the value of certain flour shipped at Minneapolis on what are known as the "Western Transit Company bills of lading." The goods were "to be carried to the port of East Boston and thence by Johnston line of British steamships to the port of London, England." They were destroyed by fire on September 4, 1895, at Pier 1 of the Boston & Albany Railroad at East Boston, Mass.

Clause 9 of the bills of lading is as follows:

"Also, that merchandise on wharf awaiting shipment or delivery be at shipper's risk of loss or damage by fire and/or flood, not happening through the fault or negligence of the owner, master, agent, or manager of the vessel."

The jury were instructed that, upon the evidence, there had been a delivery to the defendant carrier of 1,500 sacks of flour. The question whether there had been a delivery of the remainder of the flour (10,300 sacks) was submitted to the jury.

¶ 2. See Carriers, vol. 9, Cent. Dig. § 725.

Various exceptions were taken by the plaintiff to the rulings of the court on the question of delivery, but these are immaterial, and do not require consideration, since we are of the opinion that the record discloses a general verdict in the defendant's favor on the issue of negligence.

As there was a direction that 1,500 sacks had been delivered, as these and the sacks whose delivery was in dispute were similarly situated on the pier, and as the evidence as to negligence related to the entire lot, without distinction between the 1,500 sacks and the 10,300 sacks, the verdict was a direct finding that the defendant was not proved to have been negligent as to the 1,500 sacks which had been delivered; and this finding as to a part of an entire lot of goods similarly placed shows conclusively that the plaintiff could not have been harmed by any rulings as to the delivery of the 10,300 sacks.

Whether the jury found in the plaintiff's favor on the question of the delivery of the 10,300 sacks of flour does not appear from the record. If they did, this availed the plaintiff nothing, since the jury must also have found that the defendant was not negligent. If they did not, the plaintiff was not harmed by any rulings which assisted in this result, for, had the finding been the other way, the defendant must still have prevailed on the issue of negligence. Tweed's Case, 16 Wall. 505, 517, 21 L. Ed. 389; Brobst v. Brock, 10 Wall. 519, 528, 19 L. Ed. 1002; Walker v. Fitchburg, 102 Mass. 407.

A further assignment of error is:

"That said court erred in charging the jury that, to recover in this suit, the plaintiff must show by the burden of the case that this loss was occasioned by the negligence of the defendant."

We are of the opinion that the instruction is supported by the weight of authority. Transportation Co. v. Downer, 11 Wall. 129, 20 L. Ed. 160; Railroad Company v. Reeves, 10 Wall. 176, 189, 190, 19 L. Ed. 909; Clark v. Barnwell, 12 How. 272, 13 L. Ed. 985; Crowell v. Union Oil Co., 107 Fed. 302, 46 C. C. A. 296.

While in the present case the exemption is of "loss or damage by fire and/or flood, not happening through the fault or negligence of the owner, master, agent, or manager of the vessel," and in Transportation Co. v. Downer the exemption was of "dangers of lake navigation," we are of the opinion that the latter case cannot be distinguished by the fact that the present exception contains the express words, "not happening through the fault or negligence of the owner," etc. A general exemption of fire, as a matter of construction, is limited to cases not happening through negligence. Therefore there is no substantial difference between a clause in which the limitation is implied by legal rules of construction, and a clause in which the limitation appears in express language. Bank of Kentucky v. Adams Express Co., 93 U. S. 174, 181, 183, 184, 186, 23 L. Ed. 872; California Ins. Co. v. Union Compress Co., 133 U. S. 387, 415, 10 Sup. Ct. 365, 33 L. Ed. 730; Compania de Navigacion La Flecha v. Brauer, 168 U. S. 104, 123, 124, 18 Sup. Ct. 12, 42 L. Ed. 398.

We are also of the opinion that the court properly refused the request for an instruction that clause 9 of the bill of lading is inopera-

tive and void as applied to the facts of this case. The contention that this clause is applicable only to water-borne goods is inconsistent with its express terms, and that the merchandise was on the wharf awaiting shipment is not disputed. We see no justification for construing this clause as applicable only to merchandise held by the steamship company as warehouseman. Such is not the import of the language, according to its natural and usual interpretation.

Upon the whole case, we find no error of the Circuit Court which calls for a reversal of the judgment.

The judgment of the Circuit Court is affirmed, the defendant in error to recover costs in this court.