O. J. BARNES COMPANY, a Corporation, Respondent, v. NORTH-ERN PACIFIC RAILWAY COMPANY, a Corporation, and the Chicago, Milwaukee, & St. Paul Railway Company, a Corporation, Appellants.

(173 N. W. 943.)

**Carriers — liability for loss by freezing through company's negligence.**

Where a carrier receives perishable goods, namely, potatoes, for shipment at a season of the year when it is reasonable to anticipate freezing temperature; and where, following a delay in the shipment, the goods are damaged by being subjected to a freezing temperature, it is *held:*

1. The perishable nature of the goods is a fact to be taken into consideration by the jury in determining whether or not there was an unreasonable delay in the shipment.

2. Where goods are shipped under an option whereby the shipper assumes the risk of damage from heat and cold, the carrier is not relieved from liability where its delay in the shipment is the proximate cause of loss or damage by freezing.

3. A carrier is not exempted under the rule which excuses it from liability for damage occasioned by an act of God, where perishable goods are damaged by freezing following an unreasonable delay in their shipment at a season of the year when it was reasonable to anticipate freezing temperature.

Opinion filed June 21, 1919.

---

NOTE.—On duty of carrier to take precautions to prevent loss from delay, see note in 39 L.R.A.(N.S.) 645. The question of prior delay or deviation as affecting carrier's liability for loss of, or damage to, goods from act of God, is treated in a note in L.R.A.1916D, 988; and the question of duty of carrier where act of God has occurred or is threatened is treated in notes in 29 L.R.A.(N.S.) 671, and L.R.A.1916D, 981.

On carrier's liability for loss or deterioration of goods by delay, see note in 11 Am. St. Rep. 360.

Appeal from the District Court of Grand Forks County, *Cooley, J.*
Affirmed.

*Watson, Young, & Conmy,* for appellants.

It is elementary law that all parts of the charge must be construed together. If, taken as a whole, the charge is substantially correct, the judgment must not be disturbed. 1 Hayne, New Trial, No. 131, p. 676.

"A new trial should never be granted in a civil action for errors in instructions, however egregious they may be, where the verdict was the only one warranted by the law applicable to the case." McGrath v. N. P. R. Co. (Minn.) 141 N. W. 166.

"Where the record shows that the case of a plaintiff is inherently and fatally defective, a judgment against him will not be reversed for instructions, however erroneous." (79 U. S. 401.) C. Hebrard v. Jefferson Gold & S. Min. Co. 33 Cal. 290; Meguire v. Convine, 101 U. S. 108; West v. Camden, 135 U. S. 521; Butler v. Pitt R. Co. (Ind.) 46 N. E. 92; Mehurin v. Stone, 37 Ohio St. 54.

Among the state authorities there is a conflict as to whether or not a recovery will be allowed where goods are damaged by an act of God, after a negligent delay. Rodgers v. N. P. R. Co. 10 L.R.A.(N.S.) 658; C. & E. R. Co. v. Schaff Bros. (Ind.) 117 N. E. 869.

This shipment being interstate, the Federal rule must be followed.

Where property is destroyed by an act of God, but would not have been within the range of the destructive force except for the negligent delay of the carrier, it is established as the rule accepted and enforced in the Federal courts, that the act of God, not the negligent delay of the carrier, is the proximate cause of the loss, and that the negligent delay of the carrier is too remote as a contributing cause to entail liability upon him. Clark v. Barnwell, 12 How. 272, 13 L. ed. 985; Memphis R. Co. v. Reeves, 10 Wall. 176, 19 L. ed. 909; Western Transp. Co. v. Downer, 11 Wall. 129, 20 L. ed. 160; St. Louis, I. M. & S. R. Co. v. Commercial Union Ins. Co. 139 U. S. 223, 35 L. ed. 154, 11 Sup. Ct. Rep. 554; Thomas v. Lancaster Mills, 19 C. C. A. 88, 71 Fed. 481; Cau v. Texas & P. R. Co. 194 U. S. 427, 48 L. ed. 1053, 24 Sup. Ct. Rep. 663; New Orleans & N. E. R. Co. v. National

Rice Mill Co. 234 U. S. 80, 58 L. ed. 1223, 34 Sup. Ct. Rep. 726; Seaboard Air Line v. Mullin (Fla.) 70 So. 467.

A published tariff so long as it is in force is binding on the shipper and the carrier and has the force of a statute. And it must be strictly followed by the court until changed by the Interstate Commerce Commission. Soo R. Co. v. Campbell, 35 Sup. Ct. Rep. 33; Penn. Ry. Co. v. Int. Coal Co. 230 U. S. 184; Great Northern R. Co. v. O'Connor, 232 U. S. 508; St. L. I. M. R. v. Starbird, 243 U. S. 604; George W. Lardie & Son v. Manistee & N. E. R. Co. (Mich.) 158 N. W. 31.

And it is well settled in the United States courts, that where the loss occurs because of an exempted cause, such as heat and frost, the burden is on the shipper to show not only that there was delay, but that the delay was negligent. Carr v. Texas & P. R. Co. 194 U. S. 427; Northwestern Mill. Co. v. C. B. & Q. R. 160 N. W. 1028; New Orleans R. Co. v. Milling Co. 234 U. S. 80; The New Orleans, 26 Fed. 44; The Portuguese, 35 Fed. 670, 67 Fed. 794; Hurst v. St. Louis R. Co. 94 S. W. 794; Heil v. St. Louis R. Co. 16 Mo. App. 363; Thyll v. N. Y. R. Co. 87 N. Y. 345.

*McIntyre & Burtness,* for respondent.

"Different classes of goods may reasonably require greater expedition, depending upon the questions as to whether they are perishable or liable to freeze or to be affected by changes in the weather. All such circumstances and incidents are to be taken into consideration in deciding upon the question whether the carrier has been guilty of an unreasonable delay, and each case must be determined by its own facts." Hutchinson, Carr. 3d ed. § 652; 10 C. J. 286; McGraw v. R. Co. (W. Va.) 41 Am. Rep. 696; Alabama R. Co. v. McKenzie, 45 L.R.A.(N.S.) 18, 77 S. E. 647; Woodward v. R. Co. 73 S. E. 290; Hewitt v. C. B. Q. (Iowa) 19 N. W. 790, 4 R. C. L. 738; Elliott v. R. Co. (S. D.) 161 N. W. 347.

"Where the bill of lading recited that the goods were received in apparent good condition, the burden of proof is on the carrier to show that they were not in good condition when received." 10 C. J. 371; 4 R. C. L. 913; Streubeling Co. v. Merc. Dis. Co. (Wis.) 126 N. W. 21; Central of Ga. R. Co. v. Dowen (Ga.) 65 S. E. 1091.

"If a carrier negligently and carelessly delays a shipment, and the

goods are overtaken in transit and damaged by an act of God, which would not have caused the damage had there been no delay, the carrier is liable even though the act of God could not reasonably have been anticipated." Alabama R. Co. v. Quarles (Ala.) 5 L.R.A.(N.S.) 867, 40 So. 120; Central of Ga. R. Co. v. Lumber Co. 54 So. 205, Ann. Cas. 1912D, 965 & note; Wald v. Pittsburg R. Co. (Ill.) 44 N. E. 888; Green Wheeler Shoe Co. v. Chicago, R. R. Co. (Iowa) 106 N. W. 498; Bibb Brown Corn Co. v. R. Co. (Minn.) 102 N. W. 709; Wabash R. R. v. Sharpe (Neb.) 107 N. W. 758; Read v. Spaulding, 30 N. Y. 630; Chicago R. Co. v. Miles (Ark.) 123 S. W. 775; Lamb v. Mitchell (Ga.) 84 S. E. 213; Sandy v. Lake St. R. R. Co. (Ill.) 85 N. E. 300.

BIRDZELL, J. This is an appeal from an order entered in the district court of Grand Forks county, granting a new trial. The action is one to recover damages alleged to have been occasioned by a delay in the shipment of a car load of potatoes from Grand Forks, North Dakota, to Vermillion, South Dakota, which delay is alleged to have subjected the potatoes to a low temperature, resulting in a considerable portion of them being frozen. It appears that the plaintiff placed a false bottom in the car and loaded it at Grand Forks on November 3, 1916. The car was a refrigerator car; the potatoes were contained in burlap sacks, and were so loaded as to leave an air space between the inside of the car and the potatoes. The route traveled was from Grand Forks to St. Paul, a distance of 320 miles, and from St. Paul to Vermillion, a distance of about 375 miles. The car arrived at its destination on the afternoon of November 17, 1916, or some fourteen days after it was loaded. The evidence showed that the temperature was lowest during the latter days of the transit. The shipment was made under what is termed option No. 1 of a tariff previously approved by the Interstate Commerce Commission and on file with it, and at the station of the Northern Pacific Railway Company at Grand Forks. Under this option the applicable tariff required the shipper to assume all responsibility for loss or damage due to cold or heat, not the direct result of the negligence of the carrier; and any warming of cars before loading was to be performed by the shipper at his own expense (the shipper was also required to provide

false flooring, stoves, fuel, etc.). The tariff directs carriers to refuse to accept shipments upon which may be noted directions to place the car in a roundhouse if the temperature goes below zero, or that the car must make schedule time.

The case was submitted to a jury and a verdict returned for the defendant. A special question was also submitted, in response to which the jury found that nine days was the ordinary and usual time necessary to move a shipment from Grand Forks, North Dakota, to Vermillion, South Dakota. The plaintiff later moved for a judgment *non obstante,* and, in the event of a denial of this motion, for a new trial. The former motion was denied and the latter granted.

In the order granting the new trial the trial court indicated that it was granted on the sole ground of an error committed in instructing the jury. The instruction deemed erroneous is as follows: "You are instructed that the fact that these goods are perishable goods, so-called, does not impose upon the defendants any greater duty to see that these goods were transported promptly, or any more promptly than other goods. It is the duty of the railway company to transport all goods in a reasonably prompt manner, and no exception is made in the case of perishable goods." An instruction submitted by the plaintiff, which stated the carriers' duties in different language, was refused. This instruction reads: "The jury is instructed that the law imposes upon a common carrier the duty of transporting goods from the place where received for shipment to their destination without unreasonable delay and as promptly as the ordinary course of traffic will permit, and that in determining what constitutes the transportation of the shipment in question within a reasonable time consideration should be given to the fact that the goods were of a perishable nature, and to the further fact that they were being transported during a season of the year when changing temperatures were to be anticipated." A comparison of the two instructions,—that is, the one given and the one refused, leads to the conclusion that the one refused contains the more correct statement of the law, in that the duty of the carrier to transport without unreasonable delay under the particular circumstances is recognized, and reference is made to some of the circumstances which properly bear upon the question of reasonableness. It is certainly proper, in determining the reasonableness of the time consumed in shipping

any commodity, to consider, among other circumstances, the nature of the goods and their liability to be affected by variations of temperature. 4 R. C. L. § 207; 10 C. J. 286; 2 Hutchinson, Carr. 3d ed. § 652. In the instruction given, however, the jury was practically told that the perishable character of the goods was not to be considered as a circumstance in determining the reasonable time. This error was not corrected or cured in the remaining portion of the instruction, and we are of the opinion that the trial court properly recognized its error in granting the new trial.

Counsel for the appellant argue, however, that, in shipping under option No. 1, it must be held that the shipper assumes all risk incident to heat and cold. If this contention be sound, the error, on account of which the new trial was given, would be error without prejudice. We do not agree with this construction of the option. Where the carrier negligently delays the shipment of a perishable commodity at a time of year when it is reasonable to anticipate that a delay will subject the commodity to a temperature that is apt to destroy it, and where such a result actually follows, the loss results from the negligent delay. In fact, the option itself implies that the shipper does not assume the risk of the carrier's negligence, for it does not attempt to excuse the carrier from liability for damage which is the direct result of the negligence. In our opinion, where the negligence is the proximate cause of the damage, the damage is, in the language of the option, the direct result of the negligence.

But counsel contend that the destruction of the property, being due to the elements, is a loss through what is commonly termed "an act of God," and that for losses so resulting no recovery may be had. But it is well settled that where loss due to changes in temperature occurs at a time when it is reasonable to anticipate such changes, the exemption is not applicable. 4 R. C. L. § 189. It is even held in some jurisdictions that the carrier is not exempted where, following a delay in their shipment, the goods are damaged by a so-called act of God which could not have been anticipated. See 4 R. C. L. § 194, and cases cited. We express no opinion as to the correctness of such a rule.

For the foregoing reasons, the order appealed from is affirmed.