### KOHLSAAT et al. v. PARKERSBURG & MARIETTA SAND CO.

(Circuit Court of Appeals, Fourth Circuit.   May 12, 1920.)

#### No. 1786.

1. **Shipping ⬅➡54, 58(2)—Hirer liable for loss of boat only in case of negligence, and plaintiff has burden of proving negligence.**

   The hirer of a boat is not an insurer of the property, and can be held liable for its loss only when caused by his negligence, and in an action by the owner to recover for the loss the burden of proving such negligence rests throughout on plaintiff, and although proof that the boat was not returned as agreed may make a prima facie case, which requires evidence from defendant to show the manner of loss, it does not shift the burden of proof, which remains with plaintiff.

2. **Evidence ⬅➡90—"Burden of proof" defined.**

   "Burden of proof" primarily means the duty resting on one party or the other, usually the party having the affirmative, to establish by preponderance of evidence a proposition essential to the maintenance of the action. Sometimes, however, the phrase is used to describe the duty of going forward with the evidence during the progress of the trial, after a prima facie case has been made by plaintiff, when the burden devolves on defendant.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Burden of Proof.]

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; Benjamin F. Keller, Judge.

Action by the Parkersburg & Marietta Sand Company against John E. C. Kohlsaat and others, partners as C. Crane & Co. Judgment for plaintiff, and defendants bring error. Reversed.

Charles H. Stephens, Jr., of Cincinnati, Ohio (Fitzpatrick, Campbell, Brown & Davis, of Huntington, W. Va., on the brief), for plaintiffs in error.

John H. Holt, of Huntington, W. Va. (Holt, Duncan & Holt, of Huntington, W. Va., on the brief), for defendant in error.

Before PRITCHARD and KNAPP, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge. Plaintiffs in error, defendants below, leased from defendant in error, plaintiff below, a certain derrick boat

---

for the term from August 11, 1917, to the 31st of December of that year, when it was to be returned to the lessor at Parkersburg, W. Va., "in as good condition as the day received, less the usual wear and tear." The boat was duly delivered to the lessees, who used the same in their lumber business at Brent, on the Kentucky side of the Ohio river, some 10 miles above Cincinnati. Early in December the river was frozen over, and defendants tied the boat to the shore. The cold weather continued with extreme severity for two months or more, except for a few days around Christmas. Twice the boat was forced from its moorings by the moving ice, first for about 150 feet, later for a mile or so, and each time again secured. In February, 1918, when the ice gorge broke up, the boat was carried down the river and became a total loss.

[1] Plaintiff brought this suit to recover the value of the boat and an unpaid balance of the agreed rental. The latter item is not in dispute. Whether defendants are liable for the value of the boat depends upon whether it was lost through any negligence on their part. As this was clearly a question of fact for the jury, the verdict in favor of plaintiff should stand, if the trial court was right in its ruling on the burden of proof. In the course of his instructions to the jury the learned judge repeatedly stated that the burden of proof, on the issue of negligence, was cast upon the defendants. For example, in the earlier part of the charge it was said:

"The failure to return, I say, creates a presumption of negligence, and therefore upon a charge of that kind the burden to show that the defendant was not in default shifts to him. Now, he can meet that by proof of due care on his part in all the contingencies that arose while the boat was in his possession. That matter has been testified about, and argued about, and it is for you, throughout all the circumstances shown in this case, to determine whether that burden that was upon the defendant has been met."

, And in the closing statement, the last word before the jury retired, they were again told:

"Now, as I have said, it is the duty of the plaintiff to prove his case by a preponderance of the evidence; but I have charged you, and I repeat that charge, that upon the admitted facts the plaintiff starts out, having proved the loss of the boat, with a presumption that it was negligently lost, and it is for the defendant to show that it was not negligently lost, and that, as I say, shifts the burden upon that issue."

[2] There appears to be some confusion of thought and some conflict of authority, particularly in the earlier decisions, because of the double meaning of the phrase "burden of proof." Primarily it means the duty resting on one party or the other, usually the party having the affirmative, to establish by preponderance of evidence a proposition essential to the maintenance of the action. In this sense the burden of proof never shifts or changes, but remains from first to last where it is placed by the pleadings or the substantive law of the case. Sometimes, however, the phrase is used to describe the duty of going forward with the evidence during the progress of the trial. The plaintiff may offer sufficient proof to make a prima facie case, or he may be aided by a presumption of law, which, if nothing further appeared, would entitle him to a verdict; and when this happens the burden of

meeting the prima facie case devolves on the defendant. Thus, the duty of "going forward"—that is, the necessity of producing further evidence—may shift back and forth as the trial proceeds. But when all the proofs are in, and the case is ready for submission to the jury, the question of whose duty it was to go forward with the evidence at any turn of the trial practically disappears; and the more important question arises as to which party has the burden of establishing by the greater weight of evidence the proposition in dispute; or, to use the expressive language of Prof. Wigmore, which party takes the risk of nonpersuasion.

This distinction bears directly on the ruling under review. A bailee for hire is not an insurer of the property placed in his possession, and cannot be held to answer if it be lost or damaged without his fault. He contracts to take ordinary care of the property, and is liable only for loss occasioned by his own negligence. Hence the essential element of a bailor's cause of action, the fact to be established by him, is negligence on the part of the bailee. On that issue the burden of proof rests all the while on the plaintiff, and at no stage of the trial can it be passed over to the defendant. True, it is often said that when the plaintiff proves delivery of the property to the defendant, and that it has not been returned as agreed, the burden of proof shifts to the other side. These facts may make a prima facie case, or, as the court below puts it, give rise to a presumption of negligence; but, whatever the form of expression, the meaning is always the same, namely, that it then becomes the defendant's duty to go forward with the evidence and explain how the damage occurred. And this is entirely reasonable, for presumably the facts in that regard are within his knowledge. But when this has been done, and especially if it be shown that the loss resulted from a cause consistent with due care on his part, the duty of going forward has been met and the prima facie case overcome; and for the reason that the right of recovery in such case depends upon whether or not the defendant was negligent, and on that issue, as already said, the burden throughout is on the plaintiff.

And this has long been the settled rule of law. In Railroad Co. v. Reeves, 77 U. S. (10 Wall.) 176, 190 (19 L. Ed. 909), which was an action against a carrier for damage to goods, and in which the defendant claimed that the damage was caused by an extraordinary flood, the Supreme Court said:

"It is not necessary for him [defendant] to prove that the cause is such as releases him, and then to prove affirmatively that he did not contribute to it. If, after he has excused himself by showing the presence of the overpowering cause, it is charged that his negligence contributed to the loss, the proof of this must come from those who assert or rely on it."

Again in Transportation Co. v. Downer, 78 U. S. (11 Wall.) 129, 134, 135 (20 L. Ed. 160), also an action against a carrier on a bill of lading which exempted losses occasioned by perils of navigation, it was said:

"If the danger might have been thus avoided, it is plain that the loss should be attributed to the negligence and inattention of the company, and it should be held liable, notwithstanding the exception in the bill of lading.

The burden of establishing such negligence and inattention rested with the plaintiff, but the court refused an instruction to the jury to that effect, prayed by the defendant, and instructed them that it was the duty of the defendant to show that it had not been guilty of negligence. In this respect the court erred."

In the recent case of Southern Railway Co. v. Prescott, 240 U. S. 632, 36 Sup. Ct. 469, 60 L. Ed. 836, which seems directly in point and controlling of the case at bar, the ruling is as follows:

"The railway company was therefore liable only in case of negligence. The plaintiff asserting neglect, had the burden of establishing it. This burden did not shift. As it is the duty of the warehouseman to deliver upon proper demand, his failure to do so, without excuse, has been regarded as making a prima facie case of negligence. If, however, it appears that the loss is due to fire, that fact in itself, in the absence of circumstances permitting the inference of lack of reasonable precautions, does not suffice to show neglect, and the plaintiff having the affirmative of the issue must go forward with the evidence."

A pertinent statement of the law is found in Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467, cited with approval in the Prescott Case, supra:

"It will be seen, as the result of these authorities, that the burden is ordinarily upon the plaintiff alleging negligence to prove it against a warehouseman, who accounts for his failure to deliver by showing a destruction or loss from fire or theft. It is not, of course, intended to hold that a warehouseman, refusing to deliver goods, can impose any necessity of proof upon the owner by merely alleging as an excuse that they have been stolen or burned. These facts must appear or be proved with reasonable certainty. Nor do we concur in the view that there is in these cases any real 'shifting' of the burden of proof. The warehouseman, in the absence of bad faith, is only liable for negligence. The plaintiff must in all cases, suing him for the loss of goods, allege negligence and prove negligence. This burden is never shifted from him."

To the same effect is Willett v. Rich, 142 Mass. 356, 7 N. E. 776, 56 Am. Rep. 684, in which the court says:

"As the only contract of the warehouseman is that he will use due care in keeping the property, and deliver it on demand, if, after using due care, he shall have it in his possession, a plaintiff must show a breach of this contract to entitle him to recover, either in contract or tort. We do not see how, by changing the form of his declaration, he can change the liability or rights of the warehouseman. Whatever the form of declaration is, he is required to prove a breach of the contract. It may be that, where there is a refusal to deliver, the plaintiff may make out a prima facie case upon proving this fact, because such refusal, if unexplained, is some evidence of the breach of the contract. But this does not shift the burden, originally on the plaintiff, to prove a breach of contract."

Of like and unmistakable import are, among others, Washburn-Crosby Co. v. Johnston, 125 Fed. 273, 60 C. C. A. 187, United Metal Co. v. Pryor, 243 Fed. 91, 155 C. C. A. 621, Pacific Mail S. S. Co. v. Panama R. R. Co., 251 Fed. 449, 163 C. C. A. 625, Hunter v. Ricke Bros., 127 Iowa, 108, 102 N. W. 826, Hughes v. Atlantic City Ry. Co., 85 N. J. Law, 212, 89 Atl. 769, L. R. A. 1916A, 927, and Standard Marine Ins. Co. v. Traders' Compress Co., 46 Okl. 356, 148 Pac. 1019.

In the light of these authorities we are constrained to hold that the learned judge was in error in charging the jury that the burden of proof was on the defendants to show that the boat was not lost by their negligence; and it cannot be doubted, when the opposing proofs on this issue are examined, that the error was prejudicial. The judgment must be reversed, and the cause remanded, with instructions to grant a new trial.

Reversed.