## GILLETTE SAFETY RAZOR CO. v. DAVIS, Director General of Railroads.

(Circuit Court of Appeals, First Circuit. February 21, 1922.)

No. 1531.

1. **Carriers ⬤⇒159(I)—Limitation in bill of lading of time for giving notice, filing claim, and commencing suit for loss or damage, held bar to recovery, except for negligence through delay, or in loading or unloading, or in transit.**

Act March 4, 1915, c. 176, § 1 (Comp. St. § 8604a), requires a carrier to issue bills of lading, makes it liable to the lawful holder thereof for any loss, damage, or injury to the property caused by it or by any common carrier to which the property may be delivered, and makes it unlawful to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than 90 days, and for the filing of claims of a shorter period than 4 months, and for the institution of suits than 2 years, "provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." *Held* that, where a bill of lading contained limitations on the time for giving notice, filing of claim, and commencement of suit, all valid under the statute, a failure to act within the time so limited is a bar to recovery against the carrier except for negligence, either through delay, or in loading or unloading, or in transit.

2. **Carriers ⬤⇒132—Burden of proving negligence in loss of goods rests on plaintiff.**

Where liability of a carrier for loss of goods depends on its negligence, the burden of proving negligence rests on plaintiff, and while nondelivery, without excuse, is at common law regarded as making a prima facie case of negligence, where it appears that the goods were stolen, and the circumstances attending the theft as shown do not authorize an inference of lack of reasonable precaution, plaintiff must go forward with the evidence.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Action at law by the Gillette Safety Razor Company against James C. Davis, Director General of Railroads. Judgment for defendant, and plaintiff brings error. Affirmed.

Eugene M. Schwarzenberg, of Boston, Mass., for plaintiff in error.

Austin M. Pinkham and Pinkham & West, all of Boston, Mass., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error prosecuted by the Gillette Safety Razor Company from a judgment in the District Court for Massachusetts in favor of the defendant, James C. Davis, Director General of Railroads. The transactions out of which the suit arises took place between the plaintiff and the American Railway Express Company at a time when the latter was under federal control.

The plaintiff's declaration contains five counts in contract and five in tort for negligence. In the counts in contract the plaintiff alleges that the defendant is a carrier of merchandise for hire; that on the 11th day of March, 1919, it received merchandise from the plaintiff to the

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

value of $———, which it agreed to deliver the plaintiff or its agents at New York, N. Y., and for which it was paid compensation; but that the defendant failed to deliver said merchandise to the plaintiff in New York, N. Y., wherefore the defendant owes the plaintiff the value of said merchandise, with interest thereon from March 13, 1919, to date of demand. In the counts in tort it is alleged:

"That the defendant is a carrier transferring merchandise for hire, and that on the 11th day of March, 1919, it delivered to the defendant merchandise of the value of $———; that the defendant carelessly and negligently handled said merchandise, so that the same was stolen, wherefore the defendant owes the plaintiff the value of said stolen merchandise, with interest thereon."

The defendant pleaded the general issue. And in a further plea it was stated that if the defendant received any merchandise for transportation as set forth in the plaintiff's declaration the same was received subject to the terms and conditions of the regular form of the American Railway Express Company's receipt, which terms and conditions were a part of the company's rules and regulations applicable to and governing its schedules of rates and charges all duly filed with the Interstate Commerce Commission and then in full force and effect, and further subject to contracts in writing containing or making reference to said terms and conditions, which were accepted and agreed to by the plaintiff; that among the terms and conditions of the company's regular form of express receipt was the following:

"7. Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed, and suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

And the defendant further alleged that the plaintiff—

"did not comply with the conditions precedent to recovery, and did not make claim in writing within four months as required by said contracts, terms and conditions, rules, and regulations, and that therefore the defendant is not liable."

The case was tried by the court upon an agreed statement of facts, no other evidence being taken, with the right in the court to draw inferences therefrom and make findings thereon.

In the District Court it was found:

"That the goods in question, for the loss of which this action is brought, were received by the defendant for transportation from Boston to New York under a bill of lading which in legal effect embodied the terms and provisions of the established form. The goods reached the defendant's receiving platform in New York, from which they would, in the ordinary course of business, have ben loaded on trucks for delivery to the consignee, but they were stolen from the platform before being placed upon the trucks."

It also found that at the time of the theft the goods were not being loaded or unloaded, and that the theft was not due to negligence on the part of the defendant.

278 F.—55

It also appeared that the goods were received by the defendant for transportation to New York March 11, 1919, and that a reasonable time for their delivery to the plaintiff in New York was not later than March 15, and that the 4 months allowed under the agreement contained in section 7 of the bill of lading and the Act of March 4, 1915 (38 Stat. 1196, c. 176, § 1 [Comp. St. §§ 8592, 8604a]), within which the plaintiff should have given notice of claim to the defendant, expired July 15, 1919, without the plaintiff having given such notice.

In the argument of the cause the plaintiff took two positions: (1) That the loss or damage occurred while the merchandise was being unloaded, and that, if so, under the terms of section 7 of the bill of lading and the proviso of the Act of March 4, 1915, the plaintiff was entitled to recover in contract without showing that the unloading was carelessly or negligently done and without proof of notice; and (2) that it is entitled to recover on the counts in tort for negligence, though no notice was given, it appearing that the defendant had received the goods for transportation and had failed to deliver them; that failure to deliver was not only presumptive evidence of negligence, but, in view of the state of the evidence, was conclusive proof of it.

[1] The provisos of the Act of March 4, 1915, authorizing the provisions of section 7 of the bill of lading, read as follows:

"Provided further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery." Comp. St. § 8604a.

In the provisions of the act preceding the provisos a carrier, on receiving property for interstate transportation, is required to issue a receipt or bill of lading therefor and is made—

"liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier * * * to which such property may be delivered," etc.

Reading the second above quoted proviso in connection with the language contained in the preceding provisions of the act, it is apparent that its true reading is:

"That if the loss, damage or injury complained of was due to delay [in the delivery of such property] or [it was] damage[d] while being loaded or unloaded or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

Thus read it is clear that Congress intended by the language of the act that the carrier should be responsible for loss occasioned the consignee by the carrier's negligent delay, negligence in loading or unloading, and negligence in transit. In other words the liability imposed, where the required notice is not given, is for negligence, and as to these matters it differs in no material respect from the liability of a warehouseman, who is liable for negligence only. Southern Railway Co. v. Prescott, 240 U. S. 632, 640, 36 Sup. Ct. 469, 60 L. Ed. 836.

At common law a carrier was liable for—

"any loss or damage which resulted from human agency, or any cause not the act of God or the public enemy." Adams Express Co. v. Croninger, 226 U. S. 491, 509, 33 Sup. Ct. 148, 153 (57 L. Ed. 314, 44 L. R. A. [N. S.] 257).

Under section 7 of the bill of lading, as authorized by the Act of March 4, 1915, the carrier is liable for any loss or damage resulting from human agency, or some cause not an act of God or the public enemy, in case the consignee has given notice in writing of a claim of loss within four months after delivery of the property, or, in case of failure to make delivery, has given such notice within four months after a reasonable time for delivery has elapsed. And if the consignee has failed to give the requisite notice, the carrier is liable for negligent delay, if any, in delivering the property, or negligence while loading or unloading it or in transit, resulting in the consignee's loss.

[2] The plaintiff, however, claims that, inasmuch as it appears that the goods in question were intrusted to the defendant for transportation and that they were never delivered to the plaintiff, it is to be presumed from the fact of nondelivery that the plaintiff's loss was due to the defendant's negligence in unloading the goods or while they were in transit. But the answer to this contention is that while it was the duty of the defendant to have delivered the goods upon demand and its failure to do so, without excuse, is at common law regarded as making a prima facie case of negligence, the fact of nondelivery does not suffice to show neglect where it appears that the goods were stolen and the circumstances attending the theft, if shown, do not authorize an inference of lack of reasonable precaution. Under such circumstances the plaintiff, being the party asserting negligence, has the burden of establishing it and must go forward with the evidence. The burden does not shift. Southern Railway Co. v. Prescott, 240 U. S. 632, 640, 36 Sup. Ct. 469, 473 (60 L. Ed. 836).

In that case the court, in dealing with a similar question, said:

"It was explicitly provided that in case the property was not removed within the specified time it should be kept subject to liability 'as warehouseman only.' The railway company was therefore liable only in case of negligence. The plaintiff, asserting neglect, had the burden of establishing it. This burden did not shift. As it is the duty of the warehouseman to deliver upon proper demand, his failure to do so, without excuse, has been regarded as making a prima facie case of negligence. If, however, it appears that the loss is due to fire, that fact in itself, in the absence of circumstances permitting the inference of lack of reasonable precautions, does not suffice to show neglect, and the plaintiff having the affirmative of the issue must go forward with the evidence. * * * In the present case, it is undisputed that the loss was due to fire which destroyed the company's warehouse with its contents including the property in question. The fire occurred in the early morning when the depot and warehouse were closed. The cause of the fire did not appear, and there was nothing in the circumstances to indicate neglect on the part of the railway company."

See Washburn-Crosby Co. v. Johnston & Co., 125 Fed. 273, 60 C. C. A. 187; Cau v. Texas & Pacific Railway, 194 U. S. 427, 24 Sup. Ct. 663, 48 L. Ed. 1053; 10 Corpus Juris, p. 377.

Here the circumstances attending the theft, to the extent that they were shown, did not authorize an inference of fault on the part of the

defendant and, the plaintiff having failed to introduce evidence from which such inference could be drawn, the court below did not err in holding that the defendant was without fault.

. The judgment of the District Court is affirmed, with costs in this court to the defendant in error.