**UNITED STATES FIRE INSURANCE COMPANY, Libellant-Appellant,**

v.

**BROKAMP & BRESSLER, INC., Respondent-Appellee.**

**Nos. 14397, 14398.**

United States Court of Appeals Sixth Circuit.

Nov. 24, 1961.

Robert T. Keeler, Cincinnati, Ohio, for libellant-appellant, Nicholas L. White, of Taft, Stettinius & Hollister, Cincinnati, Ohio, on the brief.

Don Burkholder, Cincinnati, Ohio, for respondent-appellee, Rendings, Fry & Kiely, Cincinnati, Ohio, on the brief.

Before McALLISTER, WEICK and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This is an appeal from a decree in admiralty dismissing two libels of the U. S. Fire Insurance Company, subrogee of O. F. Shearer & Sons, and of Logan & Kanawha Coal Co., against respondent, Brokamp & Bressler, Inc.

On February 25, 1956, two river barges owned by O. F. Shearer & Sons, loaded with coal owned by Logan & Kanawha Coal Co., became swamped with water from waves and swells caused by a windstorm and pulled away from their moorings at respondent's river landing in the Ohio river near Cincinnati. Both barges sank and were damaged. Their cargoes of coal were lost. U. S. Fire Insurance Company, pursuant to policies of insurance, paid O. F. Shearer & Sons $7,563.33 for the cost of repairing the barges and $9,996.26 to Logan & Kanawha Coal Co., for loss of the cargoes.

The two barges involved were part of a fleet of four barges owned by O. F. Shearer & Sons bailed for hire to respondent Brokamp & Bressler, Inc., and were tied up at its river landing on the date involved. During the morning of February 25, 1956, unusually high winds suddenly arose on the river, causing two of the barges to begin to roll and take on large amounts of water. Respondent's President, Brokamp, and other of its employees gave emergency attention to the barges and sought to let the two barges in question move downstream away from the rest of the fleet in order to save them and the other barges in the fleet. The two barges involved were swept into the river and sank. The libels charged that respondent negligently failed to keep advised of predicted weather conditions, so as to anticipate bad weather in time to rearrange and secure the fleet of barges to ride out the wind and waves.

■■ Initially, libellant made out a prima facie case by proof of delivery of the barges and their cargoes to the respondent as bailee, the damage to the barges and the loss of their cargoes while in the custody of the bailee. Respondent

was thus required to go forward with its proofs as to the events that preceded and accompanied the casualty. Kohlsaat v. Parkersburg & Marietta Sand Company, 4 Cir., 266 F. 283; Commercial Molasses Corporation v. New York Tank Barge Corporation, 314 U.S. 104, 108, 62 S.Ct. 156, 86 L.Ed. 89, 94; O. F. Shearer & Sons v. Cincinnati Marine Service, Inc., 279 F.2d 68, 72 (CA 6, 1960) [see cases gathered in annotation 65 A.L.R.2d 1228, 1233]. Respondent went forward with its proofs. Its President, William B. Brokamp, and several other employees were present at respondent's landing during the time involved. As eye witnesses, they testified as to what occurred prior to, and at the time of, the casualty. They gave evidence of the weather conditions which prevailed the day before and during the early hours of February 25. They described what they claimed was the sudden and unanticipated onset of high winds and waves which precipitated the loss of the barges. Both parties produced expert opinion evidence. Libellant's experts supported its charge of respondent's negligence—respondent's expert exculpated it of fault. The trial judge found the respondent's evidence was such that libellant's initial prima facie case was not sufficient to satisfy its burden of proof that respondent's negligence was the cause of the damages and loss of cargo. Such burden of proof remained with libellant throughout the case, and if respondent's evidence was of such substance as to meet the initial presumption against it, it was a question for the trial judge to determine whether from all the evidence libellant had met its burden. Kohlsaat v. Parkersburg & Marietta Sand Co., supra; Commercial Molasses Corporation v. New York Tank Barge Corporation, supra.

The trial judge found that libellant had failed to sustain the burden of proof "that the damage to the barges and the loss of their cargo was caused by the negligence of the respondent or its failure to use ordinary care for the protection of the bailor's property either in anticipation of a storm or after it developed." He made detailed Findings of Fact and drew Conclusions of Law therefrom. Under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the findings of fact of a trial judge, sitting without a jury, will not be set aside unless clearly erroneous. While that rule, as such, does not apply in admiralty [Rule 81(a) (1), Federal Rules of Civil Procedure] the power to set aside such findings of fact in an admiralty case is subject generally to the same limitation as that provided by Rule 52(a). McAllister v. United States (1954), 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20; Imperial Oil Limited v. Drlik (CA 6, 1956), 234 F.2d 4, 10; United States v. Standard Oil of Kentucky (CA 6, 1954), 217 F.2d 539, 540.

We are of the opinion that the trial judge's Findings of Fact are not clearly erroneous. We agree with his Conclusions of Law. The decree is affirmed upon such Findings of Fact and Conclusions of Law.