## AMERICAN EXPRESS CO. v. FARMINGTON SHOE MFG. CO.

(Circuit Court of Appeals, First Circuit. May 14, 1924.)

No. 1717.

1. **Carriers** ☞134—**Evidence held to warrant finding loss of goods due to express company's negligence in transit.**

In action against express company for failure to deliver goods, evidence *held* to warrant finding that loss was due to defendant's negligence in transit, and question whether notice of claim was filed within four months after reasonable time for delivery expired under bill of lading was immaterial.

2. **Appeal and error** ☞1052(5)—**Opinion evidence as to reasonable time for carrier to deliver shipment, if error, held harmless.**

Opinion evidence as to reasonable time for delivery by express company, if incompetent, in action for failure to deliver, was harmless, where it had no relation to question of defendant's negligence, on which alone verdict and judgment for plaintiff were sustained.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by the Farmington Shoe Manufacturing Company against the American Express Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Austin M. Pinkham, of Boston, Mass., for plaintiff in error.
William C. Rosen, of Boston, Mass., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error prosecuted by the American Express Company, a common carrier of express matter, from a judgment in the United States District Court for Massachusetts in favor of the plaintiff, the Farmington Shoe Manufacturing Company.

The plaintiff's declaration contains counts in contract and in tort. In one of the latter counts the plaintiff charges that the defendant was a common carrier for hire; that on May 13, 1918, the defendant received from the American Hide & Leather Company, at Milwaukee, Wis., a shipment consisting of seventeen separate bundles of leather consigned to the plaintiff at Dover, N. H.; that through the negligence of the defendant said leather, valued at $1,702.09, was lost in transit, and none of the bundles was delivered. There are similar counts in tort for a shipment on May 14, 1918, consisting of 17 distinct bundles, only 6 of which were delivered; for a shipment on May 22, 1918, of 17 distinct bundles, no part of which was delivered; for a shipment on May 25, 1918, of 17 distinct bundles, only 1 of which was delivered; and for a shipment on May 18, 1918, of 17 bundles, as to which the finding of the jury was in the defendant's favor.

The defendant pleaded the general issue and payment.

It was conceded that the defendant received at Milwaukee and receipted for the bundles of leather contained in the shipments of May 13th, 14th, 22d, and 25th. The receipts given were the same as the uniform express receipt approved by and filed with the Interstate Commerce Commission, which contains the following provision:

"7. Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after the delivery of the property or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed; and suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The action was brought February 10, 1920, less than two years from the time the first shipment was received by the express company.

Four questions were submitted to the jury and answered as follows:

"1. (a) Were each of the shipments here in question received by the defendant at Milwaukee?" Answer: "Yes."

"(b) If not, which of the alleged shipments were not received by the defendant?" Answer: "All received."

"2. (a) Did the defendant fail to deliver any part of such shipments?" Answer: "Yes."

"(b) If so, in respect to which shipments was there a whole or partial failure to make delivery on the part of the defendant?" Answer: "May 13, 14, 22, 25, 1918."

"(c) Was such failure due solely to negligence in transportation on the part of the defendant or its employees?" Answer: "Yes."

"3. Was a claim in writing for the loss made within four months after a reasonable time for delivery of the several shipments in suit?" Answer: "Yes."

"4. What are the plaintiff's damages?" Answer: "$6,707.62."

The main question raised by the assignments of error is whether there was any evidence from which the jury could properly find that the goods in question were lost in transit through the defendant's negligence. There were other assignments as to what was a reasonable time within which the goods should have been delivered to the plaintiff at Dover as a basis for determining the 4-months period within which a claim in writing under section 7 of the uniform express receipt is required, under certain circumstances, to be filed with the defendant; and to the refusal of the court to charge the jury to disregard certain opinion evidence introduced at the trial bearing upon the question of the reasonable time for delivery of the shipments, and to its refusal to strike out such opinion evidence.

In Gillette Safety Razor Company v. Davis, 278 Fed. 864, 867, this court, in construing section 7 of the uniform express receipt and the provisos of the Act of March 4, 1915 (Comp. St. § 8604a), authorizing the same, said:

"Under section 7 of the bill of lading, as authorized by the Act of March 4, 1915, the carrier is liable for any loss or damage resulting from human agency, or some cause not an act of God or the public enemy, in case the consignee has given notice in writing of a claim of loss within four months after delivery of the property, or, in case of failure to make delivery, has given such notice within four months after a reasonable time for delivery has elapsed. And if the consignee has failed to give the requisite notice, the carrier is liable for negligent delay, if any, in delivering the property, or negligence while loading or unloading it or in transit, resulting in the consignee's loss."

As a carrier, in the absence of a written notice of claim, may be held liable for negligence in transit resulting in a loss to a consignee of goods intrusted to it, the question is whether there was evidence from which the jury could have found that the plaintiff's loss was due to the defendant's negligence while the goods were in transit. In the Gillette Case it was strenuously contended by the plaintiff that, inasmuch as it appeared that the goods there in question were intrusted to the express company for transportation and were never delivered to the plaintiff, it was to be presumed from the fact of non-delivery that the plaintiff's loss was due to the defendant's negligence in loading or unloading the goods or while they were in transit. But, inasmuch as in that case the plaintiff in its declaration alleged that the goods were stolen, due to the defendant's negligence, and it was conceded that they were stolen, it was held that the fact of nondelivery would not in itself suffice to show negligence; that the plaintiff must go further and show that the loss through theft was due to the defendant's negligence. In that case it was recognized that a plaintiff, who had intrusted to a

common carrier goods for transportation, which the carrier had failed to deliver, made out a prima facie case of negligence where it did not appear that the goods were stolen, destroyed by fire or some similar excuse for nondelivery was not made to appear.

[1] In this case the evidence shows that the goods in question were intrusted to the defendant for transportation and delivery to the plaintiff at Dover; that they were never delivered, and that no excuse of any kind was offered or shown for their nondelivery. It further appeared that the goods covered by these shipments were received by the express company in good order; that they were suitably done up and bore tags properly addressed; that such bundles of shipments as were delivered were without tags or identification marks; that the shipments were not delivered complete but in different lots; that the conditions at Dover were much congested and shipments at times were sent on to Portland; that there was much improper billing of goods; that the records in connection with these shipments were confused and wrong; and that much of defendant's help was green and unaccustomed to the work. There was also evidence that in May, 1918, shipments eastward were greatly interfered with; that traffic was congested, due to the moving of troops, priority of shipments, embargoes, and shortage of cars. We are therefore of the opinion that there was evidence from which the jury reasonably could have found that the loss of the goods was due to the defendant's negligence in transit.

[2] Having reached this conclusion it is unnecessary for us to consider the defendant's requests for rulings bearing upon the question of what was a reasonable time for delivery of the shipments at Dover, for such reasonable time is only important where a shipper or consignee is required to give notice in writing of a claim of loss within four months after delivery or, in case of failure to deliver, within four months after a reasonable time to make delivery. Neither are we called upon to consider whether the requests to instruct the jury to disregard the opinion evidence introduced bearing upon the question of reasonable time for delivery should have been granted or the opinion evidence stricken out. If this evidence was incompetent for the reason that the question was not one upon which opinion evidence could properly be introduced (Jones v. Tucker, 41 N. H. 546; Dole v. Johnson, 50 N. H. 452; Keefe v. Railroad, 75 N. H. 116, 121, 71 Atl. 379; New England Glass Co. v. Lovell, 7 Cush. (Mass.) 319; Harrington v. Boston Elevated R. R. Co., 229 Mass. 429, 118 N. E. 880, 2 A. L. R. 1057), the defendant was not harmed for it bore no relation to the question of the defendant's negligence upon which alone the verdict and judgment for the plaintiff are sustained.

The judgment of the District Court is affirmed, with costs to the defendant in error.